# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION II

| | |
|---|---|
| SEAN LANCASTER, | No. 48708-0-II |
| Respondent/Cross Appellant, | |
| v. | |
| WASHINGTON STATE DEPARTMENT OF CORRECTIONS, | UNPUBLISHED OPINION |
| Appellant/Cross Respondent. | |

WORSWICK, J. — Sean K. Lancaster is an inmate in the custody of the Washington State Department of Corrections (Department). Lancaster filed a lawsuit against the Department for failing to provide records responsive to his Public Records Act (PRA), chapter 42.56 RCW, request for records of phone calls made with his inmate identification number. The Department conceded that the requested phone records were public records that should have been disclosed. The trial court ordered partial summary judgment in Lancaster's favor. The trial court also awarded Lancaster monetary penalties after determining that the Department had acted in bad faith in failing to disclose the phone records.

The Department appeals, arguing that the trial court erred in awarding Lancaster penalties because the Department did not act in bad faith in failing to disclose the records. Lancaster cross appeals, arguing that the trial court erred in failing to find that the Department acted in bad faith in withholding responsive records relating to his initial and follow-up requests for phone records and that the trial court erred by awarding him a monetary penalty near the low end of the

statutory range. We reverse the trial court's award of monetary penalties and remand to the trial court for further proceedings consistent with this opinion.

FACTS

The Department contracted with Global Tel Link (GTL), a private company, to provide and manage phone services to inmates in its facilities. The Department's contract with GTL allowed the Department to access phone records to monitor inmates' phone calls. GTL tracked all phone calls by an inmate's identification number and could generate reports of all calls associated with a particular identification number.

In 2013, the Department reevaluated its public disclosure policies and determined that inmates' phone records were generally not public records because the records were maintained by a private company. As a result, the Department adopted a policy that phone records were not subject to disclosure under the PRA unless the records had been used by the Department for agency business.

On November 4, 2014, Lancaster sent a letter to the Department requesting records of phone calls involving his inmate identification number. Specifically, Lancaster requested "each outgoing number called, or attempted, and the date and time of each call, and from which specific telephone (by unit and pod, or recreation yard) used." Clerk's Papers (CP) at 110. The Department failed to perform a search to determine whether Lancaster's records had been used for agency business. Pursuant to its policy, the Department notified Lancaster that "[t]he Department's phone system is run and maintained by an outside vendor and the phone call records you request are not public records created, used or maintained by the [D]epartment; therefore, the records are not disclosable under the [PRA]." CP at 25.

Soon after, Lancaster filed a lawsuit in Thurston County Superior Court, alleging that the Department violated the PRA by failing to properly respond to his records request. While Lancaster's lawsuit was pending, a Franklin County Superior Court judge ruled in unrelated litigation that inmate phone records were public records. As a result of the Franklin County ruling, the Department made the requested phone records available to Lancaster.

Lancaster then moved for partial summary judgment, requesting an order finding that the Department had violated the PRA, requiring immediate production of all records, and granting Lancaster costs, fees, and monetary penalties under RCW 42.56.565(1). In response, the Department conceded that it violated the PRA because the phone records requested were public records and should have been made available to Lancaster. However, the Department argued that Lancaster should not be awarded penalties because it did not act in bad faith in denying Lancaster's public records request. The Department contended that its prior policy that inmates' phone records were not public records was based on a reasonable belief that the records were not subject to the PRA.

The trial court granted Lancaster's motion for partial summary judgment. The trial court reasoned that the Department's policy was objectively reasonable and "appear[ed] to have been based on a good faith understanding of the law, including awareness of all three elements in the definition of public records." CP at 244-45. However, the trial court ruled that the Department acted in bad faith for two reasons. First, the Department did not notify Lancaster that, under its policy at the time of the request, inmates' phone records were public records under the PRA when they were used for an agency purpose. Second, the Department did not follow its policy when it failed to perform a search to determine whether Lancaster's phone records had been used

for an agency purpose. Based on its finding of bad faith, the trial court determined that Lancaster was entitled to $25 for each day that the Department failed to disclose the requested phone records and awarded Lancaster a total of $2,925 in monetary penalties.

The Department moved for reconsideration arguing that RCW 42.56.565(1) requires a causal connection between bad faith and the denial of records. The Department claimed that because Lancaster's records had not been accessed for any investigative or disciplinary purpose, his records would not have been provided under the policy in existence at the time. Attached to its motion, the Department included a declaration of Katie Neva, a Department employee, which stated, "I conducted a search to determine whether phone logs of Offender Lancaster had ever been pulled for use in an investigation by investigators in SIS [(Special Investigative Services)] and IIU (Intelligence and Investigations) units. After contacting the Department's facilities and reviewing Department records, I found no evidence that Lancaster's phone logs were ever accessed for use in an investigation." CP at 260-61. Lancaster also moved for reconsideration. The trial court reviewed and considered all documents filed in association with the motions and then denied both motions for reconsideration.

The Department appeals and Lancaster cross appeals.

ANALYSIS

I. AWARD OF PENALTIES UNDER RCW 42.56.550(4)

The Department argues that the trial court erred in awarding Lancaster penalties under RCW 42.56.565(1) because the plain language of the statute requires that an agency's bad faith cause the denial of public records. We agree.

4

The PRA requires that an agency make public records available for public inspection and copying. RCW 42.56.070(1). A "public record" includes any writing related to "the conduct of government or the performance of any governmental or proprietary function prepared, owned, used, or retained by any state or local agency." RCW 42.56.010(3).

Under RCW 42.56.550(4), a trial court may award penalties to an inmate who prevails against an agency that denied him the right to inspect or copy any public record. However, the PRA permits penalty awards to inmates "only when the conduct of the agency defeats the purpose of the PRA and deserves harsh punishment." *Faulkner v. Dep't of Corr.*, 183 Wn. App. 93, 106, 332 P.3d 1136 (2014).

This case concerns the proper interpretation of RCW 42.56.565(1), which governs penalty awards to inmates under the PRA. Statutory interpretation is a question of law that this court reviews de novo. *Department of Corr. v. McKee*, 199 Wn. App. 635, 643, 399 P.3d 1187 (2017). The primary goal of statutory interpretation is to determine and implement the legislature's intent. *McKee*, 199 Wn. App. at 645. To determine the legislature's intent, we first look to the plain language of the statute to discern its plain meaning. *McKee*, 199 Wn. App. at 645. We determine plain meaning from the ordinary meaning of the language in issue, the context of the statute where the provision is located, related provisions, and the overall statutory scheme. *McKee*, 199 Wn. App. at. 645. If the plain language of the statute is subject only to one interpretation, it is unambiguous and we give effect to the statute's plain meaning as an expression of legislative intent. *See Sanders v. State*, 169 Wn.2d 827, 864, 240 P.3d 120 (2010).

Under the PRA, an agency must make public records available for public inspection and copying. RCW 42.56.070(1). If an agency denies an inmate the right to inspect or copy a public

record, the trial court may award the inmate monetary penalties. RCW 42.56.550(4). RCW 42.56.565(1) states:

> A court shall not award penalties under RCW 42.56.550(4) to a person who was serving a criminal sentence in a state, local, or privately operated correctional facility on the date the request for public records was made, unless the court finds that the agency acted in bad faith in denying the person the opportunity to inspect or copy a public record.

We use traditional rules of grammar to discern the plain meaning of a statute. *Planned Parenthood v. Bloedow*, 187 Wn. App. 606, 621, 350 P.3d 660 (2015). Here, the term "bad faith" is modified by the term "in denying the person the opportunity to inspect or copy a public record." *See* 42.56.565(1). Accordingly, an agency's bad faith must cause the denial of the opportunity to inspect or copy a public record in order for an inmate to be awarded monetary penalties.

In forming its policy related to the disclosure of inmates' phone records, the Department reasoned that the phone records did not fall under the PRA's definition of a public record. The Department examined the PRA and its agreement with GTL to provide phone services to inmates in its custody. In doing so, the Department considered that GTL, and not the agency, prepared and retained inmates' phone records. Because a public record includes a writing prepared or retained by an agency, the Department's policy that inmates' phone records were generally not public records was reasonable. *See* RCW 42.56.010(3). But the Department failed to follow its policy by not conducting a search to determine whether it had accessed Lancaster's phone records for agency business. Such a failure to follow a reasonable policy can form the basis of a bad faith determination.

However, because the failure to search did not lead to the Department's denial of the records, its failure to search does not support a penalty award. Here, the trial court determined that the Department acted in bad faith because it did not notify Lancaster that inmates' phone records were public records under the PRA when they were used for an agency purpose and because the Department failed to perform a search to determine whether Lancaster's phone records had been used for an agency purpose. But neither the failure to notify Lancaster nor the failure to conduct a search denied Lancaster the opportunity to inspect or copy a public record. This is because Lancaster's phone logs were never accessed for use in an investigation. Accordingly, the trial court erred in awarding Lancaster penalties under RCW 42.56.565(1).[1]

## II. LANCASTER'S CROSS APPEAL

In his cross appeal, Lancaster argues that the trial court erred in failing to find that the Department acted in bad faith in withholding responsive records relating to his initial and follow-up requests for phone records and that the trial court erred by awarding him a monetary penalty near the low end of the statutory range. However, the trial court did not address the merits of Lancaster's claims regarding the missing records in the initial and follow-up requests. Without the trial court's ruling on the merits of an issue, this court has nothing to review. *Reid v. Dalton*, 124 Wn. App. 113, 120, 100 P.3d 349 (2004). In addition, we reverse the award of monetary penalties because the Department did not act in bad faith in failing to disclose the requested phone records. As a result, we do not address Lancaster's arguments.

---

[1] The Department concedes that Lancaster is entitled to an award of costs because it violated the PRA.

No. 48708-0-II

COSTS ON APPEAL

Lancaster argues that he is entitled to an award of costs on appeal as the prevailing party. RAP 18.1(a) permits an award of reasonable costs if authorized by statute. RCW 42.56.550(4) provides that "[a]ny person who prevails against an agency in any action in the courts seeking the right to inspect or copy any public record . . . shall be awarded all costs . . . incurred in connection with such legal action." Because Lancaster is not the prevailing party on appeal, he is not entitled to costs on appeal.

CONCLUSION

We reverse the trial court's award of monetary penalties, and we do not consider Lancaster's cross-appeal arguments. Because the Department conceded that it violated the PRA, we remand to the trial court for a determination of costs and for further proceedings consistent with this opinion.

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

Worswick, P.J.

We concur:

Johanson, J.

Melnick, J.

8